UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN CUSTER,<br>　　Plaintiff,<br><br>vs.<br><br>CHRIS WATKINS, et. al.,<br>　　Defendant | )<br>)<br>)<br>)　　Case No. 22-1464<br>)<br>)<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motions for Leave to File an Amended Complaint. [7, 14].

Plaintiff's original complaint was dismissed as a violation of Federal Rule of Civil Procedure 8. *See* January 13, 2023 Merit Review Order. Plaintiff provided a litany of claims against 12 Defendants at the Peoria County Jail without providing time frames or stating how each Defendant was involved in his allegations. In addition, while Plaintiff stated his claims began in December of 2020, it did not appear as though Plaintiff was continuously incarcerated in the jail.

The Court noted it was particularly important for Plaintiff to clearly state his claims because he had "filed 24 lawsuits concerning the Peoria County Jail since August of 2021 including 13 lawsuits since December 19, 2022." January 13, 2023 Merit Review Order, p. 3,(listing cases). Based on the vague allegations, it was unclear if Plaintiff was repeating claims already before the Court.

Plaintiff was given additional time to file an amended complaint.

1

> … Plaintiff is advised his amended complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Plaintiff must provide the date each allegation occurred or a specific time frame. Plaintiff should also state whether he was ever released from the Peoria County Jail or transferred to another facility, and if so, when this occurred. January 13, 2023 Merit Review Order, p. 4.

Plaintiff was also admonished if he failed to follow the Court's directions, his case could be dismissed. *See* January 13, 2023 Merit Review Order, p. 4.

Plaintiff immediately filed a motion for leave to file an amended complaint, [7], but then asked the Court for additional time to file a revised amended complaint. *See* January 31, 2023 Text Order, [12]. The motion was granted, and Plaintiff has now filed his second motion for leave to file an amended complaint. *See* March 27, 2023 Text Order, [14].

Plaintiff's second proposed amended complaint supersedes the first. Therefore, Plaintiff's initial motion for leave to file an amended complaint is denied as moot, [7], and his second motion is granted pursuant to Federal Rule of Civil Procedure 15. [14].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has changed some of the Defendants in his new complaint. For instance, Plaintiff has again identified Sheriff Chris Watkins, Jail Superintendent Cameesha

2

Turner, Assistant Supervisor Brad Johnson, Bernice Young, Ronda Guyton, Hoffman, Hart-Peirson, Russell Owens, Sally Folley, and Nurse Trisha as Defendants, but he has added Defendants Melissa, Carter, Smith, Munoz, and Neilson.  In addition, Plaintiff no longer identifies Brian Asbell, Russell Owens, and Diana Powers as Defendants.

Plaintiff has ignored the Court's directions and again provides a wide variety of allegations without time frames or a clear explanation of how any Defendant was involved.  Plaintiff's second amended complaint contains the following claims:

> 1) On January 15, 2021, Plaintiff was ill and a nurse said his blood pressure was very high and he should go to the hospital.  Defendant Peirson intervened and said Plaintiff was fine. The next day, Defendant Carter refused medical treatment even though Plaintiff was feeling worse. Plaintiff was found unresponsive and rushed to the hospital due to cardiac arrhythmia.
>
> 2) Plaintiff "later" tested positive for COVID. (Amd. Comp., p. 5). It is unclear when this occurred.  Plaintiff says he complained to Defendant Trisha that he had COVID symptoms and several other health problems, but it's not clear that she took any action.
>
> 3) On May 5, 2021, Plaintiff was severely assaulted at the jail. Plaintiff appears to say he already has a pending lawsuit concerning the incident. However, Plaintiff is now alleging the mental health care he received after the assault was inadequate.  Plaintiff does not identify the responsible Defendant.
>
> 4) During an unspecified time, Defendants Carter, Hoffman, Smith, and Owens denied Plaintiff an attorney call, an hour of out his cell each day, once a week showers, access to medical care, personal calls, and fed him peanut butter and jelly three times a day for three months.  Defendant Mental Health Worker Melissa came to his cell every day and refused to talk about his housing conditions. Plaintiff has not provided a time frame.
>
> 5) On June 5, 2021, Defendant Turner denied Plaintiff pencils to write to his family.  Plaintiff was also denied his Illinois Department of Corrections issued eyeglasses because they had metal.  It is unclear when Plaintiff was denied his glasses.

6) Plaintiff was denied books, mail, phone calls, letters, and law library time. Plaintiff does not state when this occurred or who was responsible.

7) Plaintiff was denied medication for his mental health conditions. Plaintiff does not say when this occurred, or who denied the medication. (Amd. Comp., p. 6). However, later in his Amended Complaint, Plaintiff says Defendants Cox, Carter, Hoffman, Pierson, and Johnson denied mental health treatment. (Amd. Comp, p. 9). Plaintiff does not clarify if this is the same allegation, what treatment was denied, when it occurred, or how these individuals were involved.

8) Plaintiff was moved to a segregation cell for 90 days. During this time, Defendants Smith, Hoffman, Hart-Peirson, Carter "all would refuse phone, atty call, I was (in) 24 hour a day hell." (Amd. Comp., p. 7). Plaintiff does not provide dates or a time frame for his claim.

9) Plaintiff was given three disciplinary tickets "for nothing." (Amd. Comp., p. 7). While not entirely clear, it appears Plaintiff believes Defendants Owens, Smith, Pierson, Carter, and Hoffman were responsible. Plaintiff does not say when this occurred or how the Defendants were involved.

10) Plaintiff was not allowed food when Defendant Cox denied him a food tray on an unspecified date.

11) Defendant Hoffman tazed Plaintiff in the shower and gave him a "bogus ticket" on an unspecified day in "retaliation" for Plaintiff smearing feces on a window. (Amd. Comp., p. 8).

12) Plaintiff says he left the Peoria County Jail on an unspecified day and returned on November 3, 2022. Plaintiff says Defendant Hart-Peirson severely injured Plaintiff and he filed a lawsuit. However, from November 4-6, 2022, Plaintiff showed Defendant Young his "severely injured body" and she refused to provide medical or mental health care. (Amd. Comp, p. 8). Plaintiff also says Defendants Peirson, Hoffman, Smith, and Neilson along with a Sergeant all denied him medical treatment and tried "to hide the vicious assault I (endured) on November 3, 2022." (Amd. Comp., p. 8)

13) Plaintiff was "later" moved to a cell block with black mold and no working water. (Amd. Comp, p. 14). Defendant Johnson also would not allow Plaintiff to call his attorney. Plaintiff does not say how long he was in this area, but claims he had a nervous breakdown due to the conditions on March 30, 2023. Plaintiff says Defendants, Turner, Watkins, and Young knew he was struggling because he begged every day for help and said he planned to commit suicide.

4

14) Since March 30, 2023, Defendant Young refuses to speak to Plaintiff and refuses attorney phone calls.

15) Defendant Johnson refuses medications and pencils.

Without commenting on the strength or weakness of any of Plaintiff's claims, he has ignored the Court's directions and clearly cannot proceed with each of these allegations in one complaint. *See George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).

In addition, some of Plaintiff's allegations occurred after he filed his initial complaint on December 28, 2022. [1]. Plaintiff is reminded he must be able to demonstrate he exhausted his administrative remedies for each claim *before* he initiated this lawsuit. *See* 42 U.S.C. § 1997e(a).

Because Plaintiff is proceeding pro se, the Court will allow him one FINAL opportunity to file an amended complaint. Plaintiff must choose which claims he intends to bring in this lawsuit. Plaintiff should not refer to any previously filed complaint, must not repeat claims he has filed in other cases, and must not provide a history of all problems at the Peoria County Jail. Instead, Plaintiff must limit his third amended complaint only to the specific claims he wants to bring in this lawsuit.

Plaintiff's third amended complaint must include numbered paragraphs. For each claim, Plaintiff MUST provide a time frame for his allegation. In addition, Plaintiff musts not simply provide a list of Defendants, but instead must briefly explain how each Defendant was involved his claim.

The Court notes it has "a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). However, the Plaintiff is cautioned "these general principles have some limits." *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) Leave to replead will not be allowed after "repeated failure to cure deficiencies by amendments previously allowed." *Foman v Davis*, 371 U.S. 178, 182 (1962); *see also Stanard,* 658 F.3d at 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at *2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies). If Plaintiff again fails to follow the Court's directions, this case will be dismissed with prejudice. *See Wilson v. Bruce*, 2010 WL 4467866 at *2 (7th Cir. Nov. 9, 2010)("whatever benefits (the plaintiff) may seek as a *pro se* litigant, they do not include license to disregard the court's orders.").

IT IS THEREFORE ORDERED:

1) Plaintiff's first Motion for Leave to File an Amended Complaint is DENIED as MOOT [7]. Plaintiff's Second Motion for Leave to File an Amended Complaint is GRANTED pursuant to Federal Rule of Civil Procedure 15 [14].

2) Plaintiff's second amended complaint is dismissed as a violation of Federal Rule of Civil Procedure 8, 18, and 20. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

3) The Court will allow Plaintiff one FINAL opportunity to file an amended complaint clarifying his claims.  Plaintiff must file his proposed third amended complaint on or before May 10, 2023, and MUST follow the Court's directions concerning the information provided in his complaint.

3) If Plaintiff fails to file his third amended complaint on or before the deadline or fails to follow the Court's directions, his case will be dismissed with prejudice.

4) The Clerk is to provide Plaintiff with a blank complaint form for his assistance. The Clerk is also to reset the internal merit review deadline within 30 days of this order.

Entered this 18th day of April, 2023.


                    s/ James E. Shadid
                _____
                    JAMES E. SHADID
                UNITED STATES DISTRICT JUDGE